UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENHAM LAW FIRM, PLLC, et al.           CIVIL ACTION

VERSUS                                   NO: 13-5773

UNITED STATES OF AMERICA, et al.         SECTION: R(2)

## ORDER AND REASONS

Defendant the United States of America moves to dismiss the claims against it for lack of subject matter jurisdiction.[1] Defendant Dale Atkins, in her official capacity as Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, moves to dismiss the claims against her for failure to state a claim.[2] For the following reasons, the Court GRANTS both motions.

**I.   Background**

A.   *The Plaintiffs' Complaint*

Plaintiffs Denham Law Firm, PLLC and Templeton Fowlkes, attorney at law (collectively, "Denham") sue the United States, the Internal Revenue Service ("IRS") and Atkins to recover money allegedly seized by the IRS.[3] Denham's complaint alleges the following facts:

---

[1] R. Doc. 12.

[2] R. Doc. 17.

[3] R. Doc. 2.

Denham represented Jon Overing, doing business as Overing Yacht Designs, LLC, in litigation before the Civil District Court for the Parish of Orleans.[4] Denham and Overing entered into a contingency fee agreement under which Denham was entitled to 40 percent of all sums recovered on Overing's behalf.[5] The parties to the suit reached a settlement agreement, with a total of $391,197 earmarked for Overing.[6] Under its contingency fee agreement, Denham was entitled to $156,454.80 of Overing's share.[7]

All settlement funds were deposited in the registry of the state court, and the suit was converted into a concursus proceeding.[8] *See* La. C. C. P. Art. 4651 ("A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."). On September 26, 2011, Denham filed a certified copy of its contingency fee agreement in the state court record.[9]

---

[4] *Id.* at 2, 3.

[5] *Id.* at 4.

[6] *Id.* at 4-5.

[7] *Id.* at 5.

[8] *Id.* at 3, 5.

[9] *Id.* at 5.

2

On December 12, 2012, on Atkins' motion, the state court released to the IRS the funds earmarked for Overing, including Denham's 40 percent share.[10]

Denham filed an administrative claim with the IRS, seeking return of its share of the settlement funds.[11] It also brought this suit under 26 U.S.C. § 7426, which gives third parties a cause of action to challenge IRS levies on property in which they claim an interest.

*B.    The State Court Record*

The record indicates that, on January 11, 2011, before the state court suit was converted into a concursus proceeding, the IRS served two notices of levy on Atkins.[12] One was against Overing Yacht Designs in the amount of $63,800.21, and the other was against Overing personally in the amount of $54,574.01.[13] The notices were entered in the state court record on January 18, 2011.[14]

On May 27, 2011, after the parties had reached their settlement agreement, the state court plaintiff, High Tech Steel

---

[10] *Id.* at 6.

[11] *Id.*

[12] R. Doc. 17-4 at 3, 25-29.

[13] *Id.*

[14] *Id.* at 3.

Products, LLC ("High Tech") moved for leave to deposit "disputed settlement funds into the registry of the court."[15] High Tech explained that the settlement agreement required it to collect funds from one of the defendants and distribute the funds among the other parties to the suit, including Overing.[16] A third party, however, had made a demand on the settlement funds earmarked for Overing, claiming that Overing owed it money.[17] Accordingly, High Tech sought to deposit the disputed funds with the state court.[18] The state court granted High Tech's motion.[19]

On July 26, 2011, the IRS served a number of notices on Atkins.[20] First, it served a new notice of levy against Overing Yacht Designs in the amount of $24,166.95.[21] Second, it served a notice of partial release of the previous levy against Overing Yacht Designs, reducing the amount of that levy to $59,409.79.[22] Third, it served a new notice of levy against Overing personally

---

[15] *Id.* at 30.

[16] *Id.* at 31-32.

[17] *Id.* at 32.

[18] *Id.* at 32-33.

[19] *Id.* at 38.

[20] *Id.* at 7.

[21] R. Doc. 17-5 at 22.

[22] *Id.* at 24-27.

in the amount of $262,725.81.[23] Fourth, it served an updated notice of the previous levy against Overing personally, increasing the amount of that levy to $55,925.80.[24] These four notices were entered in the state court record on August 3, 2011.[25]

On September 26, 2011, Denham moved in the state court to file its contingency fee agreement in the record.[26] The court granted Denham's motion.[27]

On November 3, 2011, the IRS served two final demands for payment on Atkins, one in connection with the levies against Overing personally and one in connection with the levies against Overing Yacht Designs.[28]

On May 14, 2012, Denham intervened in the concursus proceeding, asserting its right to 40 percent of the settlement funds earmarked for Overing.[29] In its petition for intervention,

---

[23] R. Doc. 17-6 at 1.

[24] *Id.* at 2.

[25] R. Doc. 17-4 at 7.

[26] R. Doc. 20-2 at 1.

[27] *Id.* at 2.

[28] R. Doc. 17-6 at 25-29.

[29] R. Doc. 17-4 at 13; R. Doc. 20-4.

Denham acknowledged that other parties, including the IRS, had filed claims for the disputed funds.[30]

On July 9, 2012, the United States sued Atkins in this Court for failure to honor the IRS levies (the "first federal suit").[31] On December 7, 2012, Atkins filed an *ex parte* motion in the concursus proceeding for an order to release the disputed funds to the IRS.[32] She stated, "The United States of America has argued in the [first federal suit] . . . that claimants who believe they are entitled to the levied funds have a sufficient protection either via an administrative claim with the IRS seeking that the funds be returned, or an action against the United States for a wrongful levy . . . . Consequently there is no prejudice to the claimants should the Court release the funds."[33] The state court granted Atkins' motion and released the

---

[30] R. Doc. 20-4 at 4.

[31] *United States v. Atkins*, No. 12-1779 (E.D. La.).

[32] R. Doc. 20-6.

[33] *Id.* at 2-3. The Court notes that, in the first federal suit, the United States did not take the position that there would be no prejudice to the claimants should the state court release the funds. Rather, the United States argued that, "[i]n general, paying over funds does not leave claimants without a remedy." *United States v. Atkins*, No. 12-1779 (E.D. La.), R. Doc. 13 at 14. It took "no position regarding the viability of any suits against it by any would-be claimants for a wrongful levy regarding the funds the IRS levied in this case," and specified that 26 U.S.C. § 6532(c) "requires that a wrongful levy suit be filed within nine months from the levy date unless the claimant makes an administrative request for the return of the property." *Id.* at 14 n.5, n.6.

funds to the IRS.[34] The United States and Atkins then stipulated to voluntary dismissal of the first federal suit.[35]

Denham filed an administrative claim with the IRS on or about August 22, 2013.[36] It filed this action on September 9, 2013.[37]

## II.   The United States' Motion to Dismiss

The United States moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(1). It argues that Denham's suit falls outside the limited waiver of sovereign immunity for actions of this kind and that, accordingly, the Court lacks subject matter jurisdiction.[38] It additionally argues that the IRS is not a proper party and should be dismissed.[39]

### A.   *Legal Standard*

---

[34] R. Doc. 20-6 at 4.

[35] *United States v. Atkins*, No. 12-1779 (E.D. La.), R. Doc. 15.

[36] In its complaint, Denham does not specify the date of its administrative claim. R. Doc. 2 at 6. The United States indicates, and Denham does not dispute, that Denham filed its administrative complaint "on or around August 22, 2013." R. Doc. 12-1 at 5.

[37] R. Doc. 2.

[38] R. Doc. 12.

[39] R. Doc. 12-1 at 5-6.

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of a claim. "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As* v. *HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

B.   *Waiver of Sovereign Immunity*

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (alteration in original) (quoting *United States v. Testan*, 424 U.S. 392 (1976)) (quotation marks removed). "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *Id.; see also Gallion v. United States*, 389 F.2d 522, 524 (5th Cir. 1968) ("Time and again, in an abundance of cases, it has been held that the time

8

within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given.").

Denham sues the United States under 26 U.S.C. § 7426(a)(1), which states that "[i]f a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." Section 7426 specifies that the statute of limitations for such actions is set out in § 6532(c). 26 U.S.C. § 7426(i). Section 6532(c), in turn, provides that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy," unless the party claiming an interest in the levied property makes an administrative request for return of the property, in which case the 9-month period may be extended. 26 U.S.C. § 6532(c). In order to extend the 9-month limitations period, the administrative request "must be filed within nine months of the levy." *United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 736 (5th Cir. 1980).

Thus, Congress has waived sovereign immunity in this case, and the Court may exercise subject matter jurisdiction, only if

Denham filed suit or filed his administrative claim within nine months "from the date of the levy." 26 U.S.C. § 6532(c)(1).

C.    *Denham's Suit Is Untimely.*

"The date of the levy is the date the Notice of Levy is served." *Creditbank v. Milwaukee Elec. Const., Inc.*, 707 F. Supp. 513, 515 (S.D. Fla. 1988). "[S]ervice of the notice of levy on the possessor of the property triggers the running of the statute of limitations for purposes of section 6532(c)." *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991); *accord State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir. 1988); *McCoy v. United States*, No. 75-3510, 1976 WL 960, at *3-*4 (E.D. La. Nov. 9, 1976). Section 7426 "does not impose a duty on the United States to give notice to a possible third-party claimant or to search for them." *Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir. 1977). "Notice of the levy to all potential competing claimants to the property would be impractical and overly burdensome on the government and, therefore, is not required." *Williams*, 947 F.2d at 39; *see* 14A Mertens Law of Federal Income Taxation § 54A:89 ("The Government does not have a duty to give notice to possible third parties or to search for them; lack of knowledge by such parties does not suspend the running of the limitation period.").

10

The IRS served its initial notices of levy on Atkins, the undisputed possessor of the property, on January 11, 2011. It served amendments to those notices, as well as two additional notices of levy, on July 26, 2011. Thus, the nine-month statute of limitations under § 6532(c) began to run, at the latest, on July 26, 2011. It expired, at the latest, on April 26, 2012. Denham did not file its administrative complaint until approximately August 22, 2013 and did not file suit until September 9, 2013, well over a year after the statute of limitations expired. The Court concludes that Denham's suit is untimely, that Congress has not waived sovereign immunity in these circumstances, and that the Court lacks subject matter jurisdiction over the action.

Denham argues that the IRS had a duty to exercise reasonable diligence in notifying it of the levies, that the IRS did not exercise such diligence, and that, accordingly, the Court should consider Denham's complaint timely filed.[40] As stated *supra*, the IRS does not have a duty to notify possible third party claimants of the levies it imposes. *Williams*, 947 F.2d at 39. "Without a duty to give notice, the lack of knowledge by [Denham] does not toll the statute of limitations." *Dieckmann*, 550 F.2d at 624; *see also Becton Dickinson and Co. v. Wolckenhauer*, 215 F.3d 340, 352 (3d Cir. 2000) ("[T]he vast majority of federal courts to address

---

[40] R. Doc. 18.

squarely this issue have concluded that the time limitation in section 6532(c) is a jurisdictional bar that cannot be tolled, regardless of the equities in a given case, and that the failure to file a claim under section 7426(a)(1) prior to the expiration of the time limitation in section 6532(c) deprives the district court of subject matter jurisdiction.").

The only case Denham cites in support of its argument that the IRS had a duty to exercise reasonable diligence in notifying it of the levies is *Terrell v. Comm'r of Internal Revenue*, 625 F.3d 254 (5th Cir. 2010). There, the Fifth Circuit observed that the statute of limitations for a taxpayer suit challenging a tax deficiency runs from the date that the IRS sends notice to the taxpayer's "last known address." *Id.* at 259 (citing 26 U.S.C. § 6015(e)(1)(A)). The court explained that "last known address" is a term of art requiring the IRS to use "'reasonable diligence' to determine the taxpayer's address." *Id.* Denham's citation to *Terrell* is unpersuasive. In *Terrell*, the IRS had a clear statutory duty to notify the taxpayer of its decision. Here, by contrast, the IRS had no duty to notify Denham, as a potential third-party claimant, of the levies it imposed. *See Williams*, 947 F.2d at 39. Accordingly, *Terrell*'s explication of the scope of the IRS's duty to notify under 26 U.S.C. § 6015 has no bearing on this case.

Finally, the Court notes that Denham had the opportunity to discover the levies as early as January 2011. The record indicates that Atkins entered the notices of levy in the state court proceedings, making them a matter of public record.[41] The first set of notices appears in the record on January 18, 2011, while the second set appears in the record on August 3, 2011. Denham thus had the opportunity to discover the levies with ample time to challenge them within the nine-month statute of limitations. *See Dieckmann*, 550 F.2d at 624 ("[T]he period within which the action may be brought under section 6532 was designed to provide an opportunity to a person of reasonable diligence (in keeping track of his own property) to discover if someone with whom it had been entrusted no longer had it in his possession.").

The Court concludes that Congress has not waived sovereign immunity in this case and that the claims against the United States must be dismissed for lack of subject matter jurisdiction.

D.  *The IRS Is Not a Proper Party.*

The United States additionally argues that the IRS is not a proper party, as it is a federal agency not authorized to be sued in its own name. "An executive department of the United States or one of its agencies may only be sued in its own name if the

---

[41] R. Doc. 17-3 at 2; 17-4 at 3, 7, 25-29; R. Doc. 17-5 at 21-27; R. Doc. 17-6 at 1-2

authority to be sued has been expressly . . . conferred by
Congress." *Deleeuw v. I.R.S.*, 681 F. Supp. 402, 403 (E.D. Mich.
1987). "Congress has not constituted the Treasury Department or
any of its divisions or bureaus as a body corporate and has not
authorized either or any of them to be sued eo nomine."
*Castleberry v. Alcohol, Tobacco and Firearms Div. of Treasure
Dep't of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). "The IRS is
a division of the Treasury Department; therefore, the IRS cannot
be sued." *Holmstrom v. United States*, No. 02-2006, 2003 WL
21254624, at *3 (M.D. Fla. 2003). The Court concludes that the
claims against the IRS must be dismissed.


## IV.  Atkins' Motion to Dismiss

Atkins moves to dismiss the claims against her under Federal
Rule of Civil Procedure 12(b)(6). She argues that Denham fails to
state a claim against her upon which relief may be granted.[42]


### A.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff
must plead sufficient facts "to state a claim to relief that is
plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
(2007)). If there are insufficient factual allegations to raise a

---

[42] R. Doc. 17-2.

right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

B.   *Denham Fails to State a Claim Against Atkins.*

Denham brings suit exclusively under § 7426,[43] which authorizes third parties to bring suit for wrongful tax levies "against the United States." 26 U.S.C. § 7426(a)(1). The statute does not authorize civil actions against any other party or entity. Accordingly, Denham fails to state a claim against Atkins under § 7426.

Nor is there any other basis for a plausible claim against Atkins. The only factual allegation regarding Atkins in Denham's complaint is that she filed a motion in the state court proceeding to release the settlement funds to the IRS and that

---

[43] R. Doc. 2 at 2

the state court granted her motion.[44] Under Louisiana law, the clerk of court is not liable for "taking any . . . action with respect to . . . performance of [her] duties" if she "has been directed to do so by order of any court of the state." La. R.S. 13:750.1(C)(1). Denham's complaint indicates that Atkins released the settlement funds pursuant to an order of the state court. Thus, the Court concludes that she is not liable for her alleged conduct under Louisiana law. The claims against Atkins must be dismissed.

**V.    Conclusion**

For the foregoing reasons, the Court GRANTS both the United States' and Atkin's motions to dismiss. The claims against the United States and the IRS are DISMISSED with prejudice. The claims against Atkins are DISMISSED with prejudice.

New Orleans, Louisiana, this _____19th_____ day of June, 2014.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

_____

[44] *Id.* at 6 ("[T]he Clerk on her own motion effected the seizure of all of the monies on deposit in the lawsuit, without notice to Plaintiffs and to their prejudice. On December 7, 2012, on motion of the Clerk, the court in the state lawsuit turned over to the IRS $391,197.00 which represents the full amount of the funds to which Overing was entitled and of which by reason of Plaintiffs' lien, there is due and owing $156,454.80 to Plaintiffs.").